UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03039-JWH-DFM | Date | October 15, 2026 |
| Title | *Jose Perez Salas v. U.S. Immigrations and Customs Enforcement, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Clarissa Lara | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: ORDER**

## I. BACKGROUND

On June 2, 2026, Petitioner Jose Perez Salas commenced the instant action against Respondents United States Customs and Immigration Enforcement ("ICE") and Mark Bowen, the warden of the Adelanto Detention Facility (jointly, "Respondents"). Perez Salas asked this Court to issue a writ of habeas corpus ordering ICE to release him from custody.[1] Perez Salas concurrently filed an application for a temporary restraining order (a "TRO") seeking to prevent Respondents from (1) continuing to detain Perez Salas; and (2) removing Perez Salas from the United States.[2] The Court denied Perez Salas's Application

[1] Pet. for a Writ of Habeas Corpus (the "Petition") [ECF No. 1].

[2] Mem. in Support of a TRO (the "Application") [ECF No. 2].

and continued proceedings on Perez Salas's Petition before the Magistrate Judge assigned to the case.[3]

On June 24, 2026, the Honorable Douglas F. McCormick, United States Magistrate Judge, recommended that this Court grant Perez Salas's petition for habeas corpus and order Respondents (1) to arrange for Perez Salas to receive an individualized bond hearing within seven days of issuance of the writ; (2) to release Perez Salas from custody if he did not receive a bond hearing; and (3) to file a Status Report within 10 days of issuance of the writ detailing whether the bond hearing occurred, whether bond was granted or denied, and, if it was denied, the reasons for denial.[4]

On July 1, 2026, the Court accepted Judge McCormick's recommendation.[5]

On July 9, 2026, Respondents filed a Status Report that advised the Court that an Immigration Judge ("IJ") denied Perez Salas bond.[6] Respondents attached the IJ's order to their Status Report, which order detailed the IJ's reasoning for denying bond.[7]

On July 27, 2026, the Court issued an Order to Show Cause why this case should not be dismissed for mootness, directing Perez Salas to respond no later than August 21, 2026. Perez Salas did not respond.[8]

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, possessing only the power authorized by Article III of the Constitution and the related statutes Congress has passed. *See Espinoza v. Union of Am. Physicians & Dentists, AFSCME Loc. 206*, 562 F. Supp. 3d 904, 910 (C.D. Cal. 2022), *aff'd*, 2023 WL 6971456 (9th Cir. Oct. 23,

---

[3] Order Denying Pet'r's *Ex Parte* Appl. for a TRO [ECF No. 3].

[4] R. & R. Issued by Magistrate Judge Douglas F. McCormick re the Petition (the "R. & R.") [ECF No. 12].

[5] Order Accepting the R. & R. (the "Order") [ECF No. 13].

[6] Resp't's Status Rep. (the "Status Report") [ECF No. 14].

[7] *See id.*, Ex. A.

[8] Minute Order to Show Cause Regarding Dismissal [ECF No. 15].

2023) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Standing is a jurisdictional limitation and is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal quotation omitted). A case is moot when: (1) "the issues presented are no longer live"; or (2) the parties lack a "legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). When a case becomes moot, the court is "required to dismiss it." *Dufresne v. Veneman*, 114 F.3d 952, 954 (9th Cir. 1997).

## III. ANALYSIS

The Court concludes that this case is moot. Perez Salas petitioned the Court for a writ of habeas corpus ordering his immediate release from custody.[9] The Court granted Perez Salas's petition in part and ordered Respondents to provide him with an individualized bond hearing.[10] Respondents subsequently submitted a Status Report that attached an IJ's decision denying Perez Salas bond.[11] Because (1) Respondents have provided Perez Salas with the relief that this Court ordered; and (2) Perez Salas has not responded to the Court's Order to Show Cause, the Court concludes that the issue in the instant case is no longer live, and, therefore, the instant case is moot. *See Geraghty*, 445 U.S. at 396.

## IV. DISPOSITION

For those reasons, the Court hereby **ORDERS** as follows:

1. This action is **DISMISSED as moot**.

---

9 *See generally* Petition.

10 *See* Order.

11 *See generally* Status Report.

2. Judgment will issue accordingly.

**IT IS SO ORDERED.**